UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>MARK GRAYSON,<br><br>                              Defendant. | Case No. 1:23-CR-00614 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

This Court having held a jury trial from September 18, 2024 to September 23, 2024,

IT IS HEREBY ORDERED that the attached Court Exhibits be filed on the docket:

- Court Exhibit 1: Draft *Voir Dire* Questionnaire.

- Court Exhibit 2: Preliminary Jury Instructions.

- Court Exhibit 3: Final *Voir Dire* Questionnaire.

- Court Exhibit 4: Draft Jury Charge.

- Court Exhibit 5: Draft Court Verdict Form.

- Court Exhibit 6: Final Jury Charge.

- Court Exhibit 7: Jury Note.

- Court Exhibit 8: Jury Note.

- Court Exhibit 9: Redacted Signed Verdict Form.

Dated:  September 24, 2024
        New York, New York

                         SO ORDERED.

                         *Jennifer Rochon*
                         JENNIFER L. ROCHON
                         United States District Judge

1

Court Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                    23 Cr. 614 (JLR)

MARK GRAYSON,

Defendant.

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A. <u>General Questions</u>**

1.  Do you have any commitments that would make it impossible for you to serve as a juror at a trial that is expected to end by _____?

2.  Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

3.  In a criminal case like this one, the burden of proof at all times remains with the prosecution. It never shifts to the defendant. For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would you have difficulty accepting this legal principle and applying this rule of law?

4.  When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law. Would you have difficulty following my instructions as to the law?

5.    If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6.    Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7.    A defendant in a criminal case has the right to testify and the right not to testify.  If the defendant does not testify, you may not draw any inference against him based on that decision.  The fact that the defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8.    If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a law enforcement witness is not entitled to greater or lesser weight simply because the witness is employed in law enforcement.  Would you have difficulty accepting and applying this rule of law?

9.    Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

10.    It is important that you discharge your duties as jurors without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of Mr. Grayson, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.  Would you have any difficulty following this instruction?

11.    Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

12.    Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

13.    Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

## B. Knowledge of People or Places

14. As I mentioned earlier, the defendant in this case is Mark Grayson. Do you know, or have you had any dealings, directly or indirectly, with Mr. Grayson, or with any relative, friend, or associate of Mr. Grayson?

15. To your knowledge, do any of your relatives, friends, associates, or employers know Mr. Grayson?

16. Mr. Grayson is represented by Sean Maher of The Law Offices of Sean M. Maher, PLLC and will be assisted by a paralegal specialist, Isabella Fratesi. Do you know either of them? Have you had any dealings with them or with anyone at this law firm?

17. The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Daniel Roque, Varun Gumaste, and Andrew Rohrbach. They will be assisted by Olivia Sebade, a paralegal specialist in the U.S. Attorney's Office, and Detective Jason Landusky of the New York City Police Department. Do you know any of these individuals? To your knowledge, have you, your family members, or your close friends had any dealings with any of these individuals or with the U.S. Attorney's Office or the New York City Police Department?

18. Do you have any personal knowledge of the charge contained in the indictment as I have described it?

19. Have you read or heard anything about this case through the media, the Internet, or any other source?

20. Do you believe that if the law and evidence established the guilt of Mr. Grayson beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

21. Do you believe that if the government failed to prove Mr. Grayson's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

22. The following individuals, entities, or locations may be mentioned during the trial, or may be witnesses in this case:

    a.     [INSERT NAMES, ENTITIES, AND LOCATIONS]

    Do you know any of these individuals, entities, or places? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

3

## C. **Personal Experiences and Opinions**

23. Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

24. Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

25. Do you, or has anyone close to you, have any affiliation or relationship – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the New York City Police Department?

26. Have you ever served as a member of a grand jury?

27. Have you ever served as a juror in any court?

28. Have you or any member of your family ever been employed by the city, state or federal government?

29. Have you or any member of your family ever been a witness or a complainant in any criminal prosecution, state or federal?

30. Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

31. Have you or anyone close to you ever been arrested or charged with a crime?

32. Have you or has any member of your family ever been the victim of a crime?

33. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against the New York City Police Department?  For or against any other law enforcement agency?

34. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against criminal defense attorneys?

35. There may be testimony from expert witnesses in this case.  Have you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

36. Have you or anyone close to you ever been harmed or injured by a firearm, or been threatened by someone with a firearm?

37. Have you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control?

38. Do you have any opinion about the enforcement of firearms laws that might prevent you from being fair and impartial in this case?

## D. **Difficulties in Understanding or Serving**

39. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

40. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

41. Do you have any difficulty in reading or understanding English?

42. Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood. Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

Court Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                          23 Cr. 614 (JLR)

MARK GRAYSON,

Defendant.

## PRELIMINARY JURY INSTRUCTIONS

1. **Role of Judge and Jury**

   **A.** Now that you have been sworn in as jurors in this case, let me give you some instructions about your duties.  In the American system of justice, the judge and the jury have separate roles.

   **B.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **must** take your instructions on the law from the Court – that is, from me – and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

   **C.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

   **D.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determinations or ultimate verdict here.  Those decisions are for you.  I will focus on the law.

   **E.** At the conclusion of the case, your job will be to enter a verdict of guilty or not guilty on the charge presented to you here, according to my instructions on the law.

## 2. Preliminary Legal Instructions

**A.** Let me preview for you a few instructions now so that you can keep them in mind as you hear the evidence. I mentioned these, and others, earlier, so bear with me as I just reinforce a few items before we begin.

**B.** The charge here is contained in an indictment. An indictment was voted on by a grand jury and is simply the way that the government brings people into court to respond to the charges that the government wishes to bring.

**C.** The indictment, again, is not evidence of guilt. It does not change in any way the presumption of innocence that the law gives to every defendant.

**D.** Under the law, Mr. Grayson is presumed innocent and cannot be found guilty of the crime charged in the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves Mr. Grayson's guilt beyond a reasonable doubt on that count.

**E.** The burden of proof at all times remains with the prosecution. It never shifts to Mr. Grayson. For you to return a verdict of guilty, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he is not guilty.

**F.** Now, if, after careful consideration of all the evidence presented during the trial and following the rules of law that I will give you, you have a reasonable doubt as to Mr. Grayson's guilt, you must acquit Mr. Grayson, that is, find him not guilty. On the other hand, if, after careful consideration of all the evidence presented and following the rules of law that I will explain to you, you have no reasonable doubt as to Mr. Grayson's guilt, you must convict him. That is, find Mr. Grayson guilty.

**G.** A defendant in a criminal case has the right to testify and the right not to testify. If Mr. Grayson does not testify, you may not draw any inference against him based on that decision. If Mr. Grayson chooses not to testify, that may not enter into your deliberation in any way.

**H.** The function of the jury is to decide all the issues of fact. You, who have been selected as jurors in this case, will be the sole and exclusive judges of the facts. And nothing I say and nothing the lawyers say can interfere in any way with the decisions you make about the facts in this case.

**I.** You must, however, render your decisions about facts without bias or prejudice, without sympathy or suspicion for or against either the government or the defense.

**J.** Now, when it comes to the law, as opposed to the facts, you must take your instructions from me. You may not substitute your own views of what the law is or should be. At the conclusion of the case, your job will be to determine whether the government has proven Mr. Grayson guilty beyond a reasonable doubt of the charge in the indictment according to my instructions as to the law.

**K.** The question of punishment is for the Court, or me, alone, and the issue of possible punishment may not enter into your deliberations at all as to whether Mr. Grayson has been proven guilty beyond a reasonable doubt. The jury must simply decide whether the government has carried its burden of proof, that is, proving Mr. Grayson guilty beyond a reasonable doubt.

**L.** If any of the witnesses at this trial are law enforcement officers, I want to instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether the witness is testifying truthfully. The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government or in law enforcement.

**M.** Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.

**3. Order of Trial**

**A.** Let me explain how the trial will proceed.

**B.** The first step in the trial is that the government and defense counsel have an opportunity to make opening statements to you. Opening statements of counsel are not evidence, but they are a very important part of the case, because it is the opportunity for the attorneys to preview for you what they expect the evidence will show. So it's helpful to put everything in context.

**C.** After opening statements, the government calls its witnesses. It asks questions of those witnesses. That's called direct examination. And then defense counsel has an opportunity, if they would like, to ask questions. That's called cross-examination. And that continues – direct and cross, redirect, recross – until a witness's testimony is over.

3

**D.** When the government has called all its witnesses and offered all its evidence, then the defense has an opportunity to present evidence, but remember, the burden rests only on the government to prove Mr. Grayson guilty beyond a reasonable doubt. Therefore, Mr. Grayson has no obligation to present any evidence, but he has an opportunity to do so if he would like to.

**E.** From time to time during the trial it may become necessary for me to talk with the lawyers outside of earshot of the jury, either by having a conference at the bench when the jury is present in the courtroom – what we call a "sidebar" – or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of any conference outside your presence is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

**F.** After the presentation of evidence is completed, there will be closing arguments by counsel to summarize the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**G.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

## 4.    What Is and Isn't Evidence

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

    **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are any statements that I may make.  And, as I said a moment ago, opening and closing statements by counsel are not evidence.

    **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the

answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

**iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

## 5.    Evaluating the Evidence

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses – that is, how truthful and believable they are.  There is no formula for evaluating evidence.

**i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case:

**a.** Did they appear to be telling the truth?

**b.** Did they have a motive to tell you the truth or to lie?

**c.** Did they appear to have a good recollection of the events they're describing?

**ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here.  Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**6.    Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

    **i.** <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case until the end of the case when you go to the jury room to decide on your verdict.  Why do we have that rule?  We have that rule because we know it's human nature that if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.

    **ii.** <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter/X, blogs, or whatever.  You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

    **iii.** <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

    **a.**  To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  Do not wander around the Courthouse.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather or review any information on your own relating to the case.  This means:

    **a.**  Do <u>not</u> engage in any outside reading on this case.

    **b.**  Do <u>not</u> attempt to visit any places mentioned in the case.

    **c.**  Do <u>not</u> use the Internet — Google, Facebook, Twitter/X, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, Mr. Grayson, witnesses, or me.

    **d.**  If any media reports come out about this case, do <u>not</u> read, watch, or listen to them – including any coverage on social media sites like Facebook, Twitter/X, or Instagram.

    **e.**  Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

    **f.**  The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

    **vi.** This is a public courtroom. People can come and go. It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 7. Notetaking

**A.** <u>Finally</u>, each of you will be given a notebook and pen. That is because I permit jurors to take notes. But you do not have to take notes. Notes are just an aid to your own recollection. The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations. If you do take notes, consider whether note-taking may distract you from something important that is happening on the witness stand. Also, if you do take notes, please put your juror number on the first page of the pad and not the cover, so that we can be sure that only you will be making and reviewing the notes that are written in your pad (and we can use the unused pages in the pads again).

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations. The fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations. A transcript will be available to all jurors if there is any difficulty remembering the testimony.

**C.** If you do take notes, all notes must be left each day in the jury room. My Deputy will make sure that they are secure.

## 8. Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you. So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense. As I mentioned earlier, they are not being rude – they are simply following my instructions.

**B.** Let us now proceed with opening statements.

Court Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

23 Cr. 614 (JLR)

MARK GRAYSON,

Defendant.

---

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  Do not write your name or make any other marks on the questionnaire.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A.  General Questions

1.  Do you have any commitments that would make it impossible for you to serve as a juror at a trial that is expected to end by early next week?

2.  Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

3.  In a criminal case like this one, the burden of proof at all times remains with the prosecution.  It never shifts to the defendant.  For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would you have difficulty accepting this legal principle and applying this rule of law?

4.  When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law.  Would you have difficulty following my instructions as to the law?

5.    If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6.    Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7.    A defendant in a criminal case has the right to testify and the right not to testify.  If the defendant does not testify, you may not draw any inference against him based on that decision.  The fact that the defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8.    If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a law enforcement witness is not entitled to greater or lesser weight simply because the witness is employed in law enforcement.  Would you have difficulty accepting and applying this rule of law?

9.    Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

10.    It is important that you discharge your duties as jurors without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of Mr. Grayson, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.  Would you have any difficulty following this instruction?

11.    Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

12.    Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

13.    Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

## B.  Knowledge of People or Places

14.  As I mentioned earlier, the defendant in this case is Mark Grayson.  Do you know, or have you had any dealings, directly or indirectly, with Mr. Grayson, or with any relative, friend, or associate of Mr. Grayson?

15.  To your knowledge, do any of your relatives, friends, associates, or employers know Mr. Grayson?

16.  Mr. Grayson is represented by Sean Maher of The Law Offices of Sean M. Maher, PLLC and will be assisted by *pro bono* counsel David R. Kline and a paralegal specialist, Isabella Fratesi.  Do you know either of them?  Have you had any dealings with them or with anyone at this law firm?

17.  The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  Appearing on his behalf in this case will be Assistant United States Attorneys Daniel Roque, Varun Gumaste, and Daniel Nessim.  They will be assisted by Phineas Santello and Lucas Waterson, paralegal specialists in the U.S. Attorney's Office, and Detective Jason Landusky of the New York City Police Department.  Do you know any of these individuals?  To your knowledge, have you, your family members, or your close friends had any dealings with any of these individuals or with the U.S. Attorney's Office or the New York City Police Department?

18.  Do you have any personal knowledge of the charge contained in the indictment as I have described it?

19.  Have you read or heard anything about this case through the media, the Internet, or any other source?

20.  Do you believe that if the law and evidence established the guilt of Mr. Grayson beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

21.  Do you believe that if the government failed to prove Mr. Grayson's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

22.  The following individuals, entities, or locations may be mentioned during the trial, or may be witnesses in this case:

     a.     NYPD Lt. Dan Ast

     b.     NYPD Officer Mario Alcantara

     c.     NYPD Officer Nadja Brightman

     d.     NYPD Officer Taigo Gomes

e.      NYPD Officer John Labianca

f.      NYPD Officer Delvis Lopez

g.      NYPD Officer Crystal Washington

h.      NYPD Officer Kimberly Wright

i.      ATF Senior Special Agent Matthew Fleming

j.      OCME Criminalist Brooke Nielsen

k.      Wendy McCollum

l.      East 140th Street and Brook Avenue, Bronx, NY 10454

m.      East 143rd (St. Mary's) Street and Jackson Avenue, Bronx, NY 10454

n.      East 143rd (St. Mary's) Street and Cypress Avenue, Bronx, NY 10454

Do you know any of these individuals or locations?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals?

## C.  Personal Experiences and Opinions

23.     Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

24.     Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

25.     Do you, or has anyone close to you, have any affiliation or relationship – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the New York City Police Department?

26.     Have you ever served as a member of a grand jury?

27.     Have you ever served as a juror in any court?

28.     Have you or any member of your family ever been employed by the city, state or federal government?

29.     Have you or any member of your family ever been a witness or a complainant in any criminal prosecution, state or federal?

30.     Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

31.    Have you or anyone close to you ever been arrested or charged with a crime?

32.    Have you or has any member of your family ever been the victim of a crime?

33.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against the New York City Police Department?  For or against any other law enforcement agency?

34.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against criminal defense attorneys?

35.    There may be testimony from expert witnesses in this case.  Have you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

36.    Have you or anyone close to you ever been harmed or injured by a firearm, or been threatened by someone with a firearm?

37.    Have you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control?

38.    Do you have any opinion about the enforcement of firearms laws that might prevent you from being fair and impartial in this case?

**D.  Difficulties in Understanding or Serving**

39.    Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

40.    Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

41.    Do you have any difficulty in reading or understanding English?

42.    Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARK GRAYSON,

         Defendant.

23 Cr. 614 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## **JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I.      GENERAL INSTRUCTIONS ........................................................................... 1

    A.      Introductory Remarks ........................................................................ 1

    B.      Role of the Court............................................................................... 1

    C.      Role of the Jury ................................................................................. 2

    D.      Role of Counsel.................................................................................. 2

    E.      The Government as a Party ................................................................ 3

    F.      Improper Considerations: Race, Religion, National Origin, Sex or Age............... 4

    G.      Sympathy and Bias ............................................................................ 4

    H.      Indictment is Not Evidence................................................................ 5

    I.      Presumption of Innocence and Burden of Proof................................. 5

    J.      Reasonable Doubt .............................................................................. 6

    K.      What Is and Is Not Evidence ............................................................. 6

    L.      Use of Audio and Video Recordings and Transcripts ........................ 7

    M.      Evidence Obtained During Searches .................................................. 8

    N.      Particular Investigative Techniques Not Required ............................ 9

    O.      Direct and Circumstantial Evidence .................................................. 9

    P.      Witness Credibility .......................................................................... 11

    Q.      Defendant's Right not to Testify...................................................... 13

    R.      Law Enforcement and Government Witnesses.................................. 14

    S.      Testimony of Expert Witnesses ....................................................... 14

    T.      Uncalled Witnesses – Equally Available ......................................... 15

    U.      Preparation of Witnesses ................................................................. 15

    V.      Persons Not on Trial ........................................................................ 16

    W.      Stipulations ...................................................................................... 16

    X.      Punishment is Not to be Considered by the Jury ............................. 16

II.     INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANT ....... 17

    A.      The Indictment ................................................................................. 17

    B.      Count One: Possession of a Firearm After a Felony Conviction....... 18

        1.      *First Element: Defendant's Prior Conviction*.............................. 18

        2.      *Second Element: "Knowingly Possessed"*.................................... 19

        3.      *Third Element: In or Affecting Interstate or Foreign Commerce*. 21

    C.      Venue ............................................................................................... 22

III.    DELIBERATIONS OF THE JURY ......................................................... 23

A.    Selection and Duties of Foreperson ................................................................ 23

B.    Duty to Deliberate; Unanimous Verdict ......................................................... 24

C.    Right to See Exhibits and Hear Testimony; Communication with the Court....... 25

D.    Notes .............................................................................................................. 26

E.    Verdict Form .................................................................................................. 26

F.    Return of Verdict ........................................................................................... 27

IV.    CONCLUSION .................................................................................................... 27

# I.     GENERAL INSTRUCTIONS

## A.     Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issue of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charge against Mr. Grayson.  Third, I'll give you some final instructions about procedures and deliberations.

## B.     Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

1

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.     Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law. Do not speculate or rely on matters not in evidence or outside of the case.

### D.     Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.    The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Mr. Grayson, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**F.    Improper Considerations: Race, Religion, National Origin, Sex or Age**

In reaching decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about Mr. Grayson's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. Mr. Grayson is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

**G.    Sympathy and Bias**

Under your oath as jurors you are not to be swayed or influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of Mr. Grayson beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that Mr. Grayson is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. It

must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Grayson's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the Government has met its burden of proving Mr. Grayson's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.    Indictment is Not Evidence

Mr. Grayson is charged with a crime about which I will instruct you shortly.  The crime is set forth in a charge or a "count."  The count is contained in the charging instrument, called an indictment, but you will not be furnished with the indictment itself because an indictment is merely a statement of the charge and not itself evidence.

### I.    Presumption of Innocence and Burden of Proof

Mr. Grayson has pleaded not guilty to the charge in the indictment. To convict Mr. Grayson, the burden is on the prosecution to prove Mr. Grayson's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to Mr. Grayson, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  Indeed, no defendant is even obligated to cross-examine any witness for the Government.

In other words, Mr. Grayson starts with a clean slate and is presumed innocent of the charge until such time, if ever, that you as a jury are satisfied that the Government has proven Mr. Grayson guilty of the charge beyond a reasonable doubt.

### J.    Reasonable Doubt

Since, in order to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Grayson's guilt with respect to the charge against him, you must find him not guilty. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Grayson's guilt with respect to the charge against him, you should find him guilty.

### K.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance

or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

[DETERMINE IF NECESSARY -- We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.]

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

## L.    Use of Audio and Video Recordings and Transcripts

The Government has introduced evidence in the form of [audio] and video recordings.

Whether you approve or disapprove of the recording of the activity may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved Mr. Grayson's guilt beyond a reasonable doubt.

In connection with the recordings that you have heard, you were provided with transcripts to assist you while listening to or watching the recordings. I instructed you then, and I remind you now, that the transcripts of any recording or portion of a recording are not evidence. The transcripts were provided only as an aid to you in listening to and viewing the recordings. It is for you to decide whether the transcripts correctly represent what has been said on the recordings that you heard and saw.

If you wish to hear or see any of the recordings again they will be made available to you during your deliberations as will all exhibits.

### M.    Evidence Obtained During Searches

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government

has proven Mr. Grayson's guilt beyond a reasonable doubt.

**N.    Particular Investigative Techniques Not Required [determine if applicable]**

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the law enforcement investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, Mr. Grayson's guilt has been proven beyond a reasonable doubt.

**O.    Direct and Circumstantial Evidence**

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not

look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not as easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of Mr. Grayson beyond a reasonable doubt before you may convict.

### P.    Witness Credibility

It must be clear to you by now that the Government and Mr. Grayson are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or Mr. Grayson that may affect how

he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. [DETERMINE IF THIS SHOULD BE ADDED -- In a case in which the defendant does not testify, add: Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.] Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You must also avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**Q.    Defendant's Right not to Testify or [Testimony of Defendant]**

Mr. Grayson did not testify in this case. Under our Constitution, Mr. Grayson, as the defendant in a criminal case, never has any duty to testify or to present any other evidence because it is the Government's burden to prove his guilt beyond a reasonable doubt. As I have told you, the burden of proof beyond a doubt remains with the Government at all times, and Mr.Grayson is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to Mr. Grayson. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Grayson did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against Mr. Grayson in any way.

OR

[A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Grayson is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to Mr. Grayson. A defendant is never required to prove that he is innocent.

In this case, Mr. Grayson did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other witness. You should understand that the fact that Mr. Grayson did testify does not shift the burden

13

of proof to him or lessen the burden on the Government.  The Government must still prove each and every element of the charge beyond a reasonable doubt.  The burden of proof always remains with the Government.]

**R.    Law Enforcement and Government Witnesses**

You have heard the testimony from law enforcement witnesses and employees of the Government.  The fact that a witness may be employed by a federal, state, or city government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement or other government witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony whatever weight, if any, you find it deserves.

**S.    Testimony of Expert Witnesses (If Applicable)**

You have heard testimony from what we call an expert witness.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to express their opinions as to relevant matters in which they profess to be expert and to give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve in light of all the evidence in this case.  If you should

decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed in your judgment by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

**T.    Uncalled Witnesses – Equally Available [decide if applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**U.    Preparation of Witnesses  [determine if appliable]**

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

before being questioned about them here.  In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### V.    Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Grayson from the fact that no person other than Mr. Grayson is on trial here.

You also may not speculate as to the reasons why other persons are not on trial.  These matters are wholly outside your concern and have no bearing on your functions as jurors.

### W.    Stipulations

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

[Include if necessary -- You have also heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.]

### X.    Punishment is Not to be Considered by the Jury

The question of possible punishment of Mr. Grayson is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case

16

and to determine whether or not Mr. Grayson is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Grayson, if Mr. Grayson is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## II.    INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANT

I will turn now to my instructions on the law to be applied to this case with respect to the particular charge brought against Mr. Grayson.

### A.    The Indictment

The defendant, Mr. Grayson, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of Mr. Grayson's guilt. It creates no presumption, and it permits no inference that Mr. Grayson is guilty. You are to give no weight to the fact that an Indictment has been returned against Mr. Grayson.

The Indictment in this case contains one count, which is alleged to have occurred on or about August 6, 2023. Count One charges that on or about August 6, 2023, in the Southern District of New York and elsewhere, Mr. Grayson, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm.

The relevant statute on this subject is section 922(g) of Title 18 of the United States Code, which provides:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**B.     Count One: Possession of a Firearm After a Felony Conviction**

In order to sustain its burden of proof under this statute, the Government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, that Mr. Grayson knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to the date he allegedly possessed a firearm, that is, prior to on or about August 6, 2023;

<u>Second</u>, that Mr. Grayson knowingly possessed a firearm on or about that date; and

<u>Third</u>, that Mr. Grayson's possession of the firearm was in or affecting interstate or foreign commerce.

**1.     *First Element: Defendant's Prior Conviction***

The first element that the Government must prove beyond a reasonable doubt is that Mr. Grayson was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to the date he allegedly possessed a firearm, and that Mr. Grayson knew that he had been convicted of such a crime.

To satisfy the first element, you must find beyond a reasonable doubt that Mr. Grayson was, in fact, convicted of that crime and that the conviction was prior to the possession of the firearm as charged in the Indictment.

I instruct you that the prior conviction that is an element of the offense is to be considered by you only for the fact that it exists and nothing else.  You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that Mr. Grayson was in knowing possession of the gun that is charged, which is the disputed element of the offense.  You are not to consider it for any other purpose or draw any negative inference

from it.  Mr. Grayson is on trial only for the crime charged in the Indictment, not for any prior offense or activities.

The Government also must prove that, at the time Mr. Grayson knowingly possessed a firearm on or about August 6, 2023, Mr. Grayson knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

As to this element, you have heard evidence in the form of a stipulation of fact, which, as I have explained, is an agreement between the parties that a particular fact is true.  Here, the parties have stipulated – meaning, they have agreed – that Mr. Grayson had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knew he had been convicted of such a crime.  The parties have also agreed in this stipulation that this conviction occurred prior to the time that Mr. Grayson is alleged to have possessed a firearm as charged in the Indictment.

> ### 2.    *Second Element: "Knowingly Possessed"*

The second element that the Government must prove beyond a reasonable doubt is that, on or about August 6, 2023, Mr. Grayson knowingly possessed a firearm.

"Firearm"

Under the statute, the term "firearm" includes any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, or the frame or receiver of any such weapon.

[*If applicable:* You have heard evidence in the form of a stipulation that the 9-millimeter pistol that Mr. Grayson is charged with possessing is a firearm.]

19

<u>"Knowingly"</u>

Under this second element, you must also find that Mr. Grayson "knowingly" possessed the firearm.  This means that Mr. Grayson possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the item he possessed was a firearm.  A defendant acts knowingly if he act purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether Mr. Grayson acted knowingly may be proven by his or her conduct and by all the facts and circumstances surrounding the case.

But the Government is not required to prove that Mr. Grayson knew he was breaking any particular law.  It is sufficient if Mr. Grayson possessed the firearm charged in the Indictment purposefully and voluntarily, as opposed to by accident or mistake.  The length of time of the possession – or the reasons why an item was possessed – are not relevant.

<u>"Possess"</u>

To "possess" means to have something within a person's control.  It includes actual possession, which is having physical custody or control of something.  It also includes when a person has the ability and intent to exercise substantial control over something even if he does not physically possess it.

This does not necessarily mean that Mr. Grayson must hold it physically in his hand.  For example, you possess the things that are in your home even though sitting here in court, you are not holding those possessions.  As long as an object is within the defendant's control, he possesses it.

With respect to possession, I caution you that mere proximity to a firearm or mere presence near the place where firearms are located does not equal possession.  Similarly, merely

associating with another person who possesses a firearm is not sufficient.  Mr. Grayson must have actual possession of the firearm or have the intent and ability to exercise control over it.

Proof of ownership is not required to establish possession.  If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that article, regardless of whether he is the person who purchased or otherwise originally acquired the item, or whether he is the legal owner of the item.

3.    *Third Element: In or Affecting Interstate or Foreign Commerce*

The third element that the Government must prove beyond a reasonable doubt is that the firearm that Mr. Grayson is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Grayson's possession, the firearm had traveled in interstate or foreign commerce.  The term "commerce" means simply either movement between one state and another or movement between the United States and a foreign country.  In this regard, I instruct you that it is sufficient for the Government to satisfy this element by proving that at some point before Mr. Grayson's possession, the firearm moved over a state line or across the United States border.  For example, if the firearm came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that Mr. Grayson himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across

or how it was transported.  It is also not necessary for the Government to prove that Mr. Grayson knew that the firearm had previously crossed a state or national border.  All the Government needs to prove is that the firearm crossed a state or national border at some point before Mr. Grayson possessed it.

*If Applicable*: In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that Mr. Grayson is charged with possessing had traveled in interstate or foreign commerce and, therefore, was "in or affecting interstate or foreign commerce."

**C.    Venue**

In addition to all the elements of the charged crime that I have described for you, the Government must prove that the charged crime occurred within the Southern District of New York. That is called establishing venue.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Venue is established if any act in furtherance of the charged crime occurred in the Southern District of New York.

On this issue, and this issue alone, the Government does not need to prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  The Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind you that the Government must prove all other elements of the offense beyond a reasonable doubt.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence"

means that the Government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

Because the Government must prove venue, if you find that the Government has failed to establish venue in the Southern District of New York with respect to the charge, you must find Mr. Grayson not guilty.

### III.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charge in this case.  You are about to go into the jury room and begin your deliberations.  Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of Mr. Grayson with respect to Count One of the Indictment.  I will now give you a few final instructions on those deliberations.

#### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The Government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether, solely upon the basis of such evidence, Mr. Grayson is guilty.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

24

Please remember, you are not partisans. You are judges – judges of the facts – not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

### C.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I

can speak with you in person.  If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

### D.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law that I've already given you.  And nothing in it replaces or modifies the instructions about the elements the Government must prove beyond a reasonable doubt.

The form is meant only to assist you in recording your verdict as to whether Mr. Grayson is guilty or not guilty, and announcing it in court.

26

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.    CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                       :

UNITED STATES OF AMERICA         :

                                       :

        -v.-                 :         23 Cr. 614 (JLR)

                                       :

MARK GRAYSON,                 :

                                       :

                 Defendant.   :

                                       :
------------------------------------------------------------x

<u>**VERDICT FORM**</u>

**Court Exhibit 5**

**Please indicate your verdict with a check mark (✓).  Remember, all jurors must agree unanimously to the verdict.**

<u>**COUNT ONE**</u>**:  Possession of a Firearm After a Felony Conviction**

How do you find Mr. Grayson with respect to Count One?

NOT GUILTY _____          GUILTY _____

After completing the Verdict Form, the foreperson must sign the verdict form in the space provided below and fill in the date.  Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict.  Do not provide the Marshal with the verdict sheet. Your foreperson will bring it into the Courtroom when you return.

Foreperson:      _____

Dated:         _____

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                    23 Cr. 614 (JLR)

MARK GRAYSON,

          Defendant.

JENNIFER L. ROCHON, United States District Judge:

<u>**JURY INSTRUCTIONS**</u>

# TABLE OF CONTENTS

I.     GENERAL INSTRUCTIONS ................................................................................. 1

    A.     Introductory Remarks ................................................................... 1

    B.     Role of the Court ........................................................................... 1

    C.     Role of the Jury ............................................................................. 2

    D.     Role of Counsel ............................................................................. 2

    E.     The Government as a Party ........................................................... 3

    F.     Improper Considerations: Race, Religion, National Origin, Sex or Age ............... 4

    G.     Sympathy and Bias ....................................................................... 4

    H.     Indictment is Not Evidence .......................................................... 5

    I.     Presumption of Innocence and Burden of Proof ........................... 5

    J.     Reasonable Doubt ......................................................................... 6

    K.     What Is and Is Not Evidence ........................................................ 6

    L.     Use of Audio and Video Recordings and Transcripts .................. 7

    M.     Evidence Obtained During Searches ............................................. 8

    N.     Particular Investigative Techniques Not Required ....................... 9

    O.     Direct and Circumstantial Evidence ............................................. 9

    P.     Witness Credibility ..................................................................... 11

    Q.     Defendant's Right not to Testify ................................................. 13

    R.     Law Enforcement and Government Witnesses ........................... 13

    S.     Testimony of Expert Witnesses .................................................. 14

    T.     Uncalled Witnesses – Equally Available .................................... 14

    U.     Preparation of Witnesses ............................................................ 15

    V.     Persons Not on Trial ................................................................... 15

    W.     Stipulations ................................................................................. 15

    X.     Punishment is Not to be Considered by the Jury ....................... 16

II.    INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANT ...................... 16

    A.     The Indictment ........................................................................... 16

    B.     Count One: Possession of a Firearm After a Felony Conviction ......................... 17

           **1.**    *First Element: Defendant's Prior Conviction* .............................. 17

           **2.**    *Second Element: "Knowingly Possessed"* ................................... 18

           **3.**    *Third Element: In or Affecting Interstate or Foreign Commerce* . 20

    C.     Venue .......................................................................................... 21

III.    DELIBERATIONS OF THE JURY ................................................................... 22

A.    Selection and Duties of Foreperson ................................................................. 22

B.    Duty to Deliberate; Unanimous Verdict ........................................................... 22

C.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 24

D.    Notes .................................................................................................................. 25

E.    Verdict Form ...................................................................................................... 25

F.    Return of Verdict ............................................................................................... 25

IV.    CONCLUSION ............................................................................................................ 26

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issue of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charge against Mr. Grayson.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

1

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

C.      **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law. Do not speculate or rely on matters not in evidence or outside of the case.

D.      **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.    The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Mr. Grayson, who is charged with a crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

F.    **Improper Considerations: Race, Religion, National Origin, Sex or Age**

In reaching decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about Mr. Grayson's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. Mr. Grayson is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.  To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

G.    **Sympathy and Bias**

Under your oath as jurors you are not to be swayed or influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of Mr. Grayson beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that Mr. Grayson is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you.  It

4

must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Grayson's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the Government has met its burden of proving Mr. Grayson's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.    Indictment is Not Evidence

Mr. Grayson is charged with a crime about which I will instruct you shortly. The crime is set forth in a charge or a "count." The count is contained in the charging instrument, called an indictment, but you will not be furnished with the indictment itself because an indictment is merely a statement of the charge and not itself evidence.

### I.    Presumption of Innocence and Burden of Proof

Mr. Grayson has pleaded not guilty to the charge in the indictment. To convict Mr. Grayson, the burden is on the prosecution to prove Mr. Grayson's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to Mr. Grayson, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. Indeed, no defendant is even obligated to cross-examine any witness for the Government.

In other words, Mr. Grayson starts with a clean slate and is presumed innocent of the charge until such time, if ever, that you as a jury are satisfied that the Government has proven Mr. Grayson guilty of the charge beyond a reasonable doubt.

### J.    Reasonable Doubt

Since, in order to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Grayson's guilt with respect to the charge against him, you must find him not guilty. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Grayson's guilt with respect to the charge against him, you should find him guilty.

### K.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance

or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### L.      Use of Audio and Video Recordings and Transcripts

The Government has introduced evidence in the form of audio and video recordings.

Whether you approve or disapprove of the recording of the activity may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved Mr. Grayson's guilt beyond a reasonable doubt.

In connection with the recordings that you have seen and heard, you were provided with transcripts to assist you while listening to or watching the recordings. I instructed you then, and I remind you now, that the transcripts of any recording or portion of a recording are not evidence. The transcripts were provided only as an aid to you in listening to and viewing the recordings. It is for you to decide whether the transcripts correctly represent what has been said on the recordings that you heard and saw.

If you wish to hear or see any of the recordings again they will be made available to you during your deliberations as will all exhibits.

### M.    Evidence Obtained During Searches

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government

has proven Mr. Grayson's guilt beyond a reasonable doubt.

### N.    Particular Investigative Techniques Not Required

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the law enforcement investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, Mr. Grayson's guilt has been proven beyond a reasonable doubt.

### O.    Direct and Circumstantial Evidence

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not

look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not as easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of Mr. Grayson beyond a reasonable doubt before you may convict.

### P.    Witness Credibility

It must be clear to you by now that the Government and Mr. Grayson are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or Mr. Grayson that may affect how

he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You must also avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### Q.    Defendant's Right Not to Testify

Mr. Grayson did not testify in this case.  Under our Constitution, Mr. Grayson, as the defendant in a criminal case, never has any duty to testify or to present any other evidence because it is the Government's burden to prove his guilt beyond a reasonable doubt.  As I have told you, the burden of proof beyond a doubt remains with the Government at all times, and Mr. Grayson is presumed innocent.  That burden remains with the Government throughout the entire trial and never shifts to Mr. Grayson.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Grayson did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  In your deliberations in the jury room, you may not consider this decision against Mr. Grayson in any way.

### R.    Law Enforcement and Government Witnesses

You have heard the testimony from law enforcement witnesses and employees of the Government.  The fact that a witness may be employed by a federal, state, or city government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement or other government witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony whatever weight, if any, you find it deserves.

### S.    Testimony of Expert Witnesses

You have heard testimony from what we call expert witnesses.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to express their opinions as to relevant matters in which they profess to be expert and to give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve in light of all the evidence in this case.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed in your judgment by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

### T.    Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

14

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

## U.    Preparation of Witnesses

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them here.  In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## V.    Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or Mr. Grayson from the fact that no person other than Mr. Grayson is on trial here.

You also may not speculate as to the reasons why other persons are not on trial.  These matters are wholly outside your concern and have no bearing on your functions as jurors.

## W.    Stipulations

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

15

### X.      Punishment is Not to be Considered by the Jury

The question of possible punishment of Mr. Grayson is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not Mr. Grayson is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Grayson, if Mr. Grayson is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### II.     INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANT

I will turn now to my instructions on the law to be applied to this case with respect to the particular charge brought against Mr. Grayson.

### A.      The Indictment

The defendant, Mr. Grayson, has been formally charged in what is called an Indictment. An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of Mr. Grayson's guilt.  It creates no presumption, and it permits no inference that Mr. Grayson is guilty.  You are to give no weight to the fact that an Indictment has been returned against Mr. Grayson.

The Indictment in this case contains one count, which is alleged to have occurred on or about August 6, 2023.  Count One charges that on or about August 6, 2023, in the Southern District of New York and elsewhere, Mr. Grayson, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm.

16

The relevant statute on this subject is section 922(g) of Title 18 of the United States Code, which provides:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**B.      Count One: Possession of a Firearm After a Felony Conviction**

In order to sustain its burden of proof under this statute, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that Mr. Grayson knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to the date he allegedly possessed a firearm, that is, prior to on or about August 6, 2023;

Second, that Mr. Grayson knowingly possessed a firearm on or about that date; and

Third, that Mr. Grayson's possession of the firearm was in or affecting interstate or foreign commerce.

### 1.      *First Element: Defendant's Prior Conviction*

The first element that the Government must prove beyond a reasonable doubt is that Mr. Grayson was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to the date he allegedly possessed a firearm, and that Mr. Grayson knew that he had been convicted of such a crime.

To satisfy the first element, you must find beyond a reasonable doubt that Mr. Grayson was, in fact, convicted of that crime and that the conviction was prior to the possession of the firearm as charged in the Indictment.

I instruct you that the prior conviction that is an element of the offense is to be considered by you only for the fact that it exists and nothing else. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that Mr. Grayson was in knowing possession of the gun that is charged, which is the disputed element of the offense. You are not to consider it for any other purpose or draw any negative inference from it. Mr. Grayson is on trial only for the crime charged in the Indictment, not for any prior offense or activities.

The Government also must prove that, at the time Mr. Grayson knowingly possessed a firearm on or about August 6, 2023, Mr. Grayson knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

As to this element, you have heard evidence in the form of a stipulation of fact, which, as I have explained, is an agreement between the parties that a particular fact is true. Here, the parties have stipulated – meaning, they have agreed – that Mr. Grayson had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that he knew he had been convicted of such a crime. The parties have also agreed in this stipulation that this conviction occurred prior to the time that Mr. Grayson is alleged to have possessed a firearm as charged in the Indictment.

**2.** *Second Element: "Knowingly Possessed"*

The second element that the Government must prove beyond a reasonable doubt is that, on or about August 6, 2023, Mr. Grayson knowingly possessed a firearm.

"Firearm"

Under the statute, the term "firearm" includes any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, or the frame or receiver of any such weapon.

"Knowingly"

Under this second element, you must also find that Mr. Grayson "knowingly" possessed the firearm. This means that Mr. Grayson possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the item he possessed was a firearm. A defendant acts knowingly if he act purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether Mr. Grayson acted knowingly may be proven by his or her conduct and by all the facts and circumstances surrounding the case.

But the Government is not required to prove that Mr. Grayson knew he was breaking any particular law. It is sufficient if Mr. Grayson possessed the firearm charged in the Indictment purposefully and voluntarily, as opposed to by accident or mistake. The length of time of the possession – or the reasons why an item was possessed – are not relevant.

"Possess"

To "possess" means to have something within a person's control. It includes actual possession, which is having physical custody or control of something. It also includes when a person has the ability and intent to exercise substantial control over something even if he does not physically possess it.

This does not necessarily mean that Mr. Grayson must hold it physically in his hand. For example, you possess the things that are in your home even though sitting here in court, you are

19

not holding those possessions.  As long as an object is within the defendant's control, he possesses it.

With respect to possession, I caution you that mere proximity to a firearm or mere presence near the place where firearms are located does not equal possession.  Similarly, merely associating with another person who possesses a firearm is not sufficient.  Mr. Grayson must have actual possession of the firearm or have the intent and ability to exercise control over it.

Proof of ownership is not required to establish possession.  If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that article, regardless of whether he is the person who purchased or otherwise originally acquired the item, or whether he is the legal owner of the item.

**3.**    *Third Element: In or Affecting Interstate or Foreign Commerce*

The third element that the Government must prove beyond a reasonable doubt is that the firearm that Mr. Grayson is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Grayson's possession, the firearm had traveled in interstate or foreign commerce.  The term "commerce" means simply either movement between one state and another or movement between the United States and a foreign country.  In this regard, I instruct you that it is sufficient for the Government to satisfy this element by proving that at some point before Mr. Grayson's possession, the firearm moved over a state line or across the United States border.  For example, if the firearm came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that Mr. Grayson himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the Government to prove that Mr. Grayson knew that the firearm had previously crossed a state or national border. All the Government needs to prove is that the firearm crossed a state or national border at some point before Mr. Grayson possessed it.

### C.    Venue

In addition to all the elements of the charged crime that I have described for you, the Government must prove that the charged crime occurred within the Southern District of New York. That is called establishing venue. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Venue is established if any act in furtherance of the charged crime occurred in the Southern District of New York.

On this issue, and this issue alone, the Government does not need to prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. The Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists. But I remind you that the Government must prove all other elements of the offense beyond a reasonable doubt.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

Because the Government must prove venue, if you find that the Government has failed to establish venue in the Southern District of New York with respect to the charge, you must find Mr. Grayson not guilty.

### III.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charge in this case.  You are about to go into the jury room and begin your deliberations.  Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of Mr. Grayson with respect to Count One of the Indictment.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The Government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether, solely upon the basis of such evidence, Mr. Grayson is guilty.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges – judges of the facts – not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without

prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

### C.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

### D.     Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.     Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law that I've already given you.  And nothing in it replaces or modifies the instructions about the elements the Government must prove beyond a reasonable doubt.

The form is meant only to assist you in recording your verdict as to whether Mr. Grayson is guilty or not guilty, and announcing it in court.

### F.     Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.    CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

EXHIBIT
7
Court

**23-cr-00614-JLR USA v. Mark Grayson**

**Date:** 9/20/2024

**Time:** 5:18 PM

**Signature of Foreperson:** ████████████████

We are ready to leave now

How do we find the

Videos

EXHIBIT
8
Court Exh.

**23-cr-00614-JLR USA v. Mark Grayson**

**Date:** 9/23/2024

**Time:** 11:55

**Signature of Foreperson:**

We have a verdict

ORIGINAL



EXHIBIT
9
9/23/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                :

UNITED STATES OF AMERICA        :

                             :

         -v.-                 :         23 Cr. 614 (JLR)

                             :

MARK GRAYSON,              :

                             :

             Defendant.     :

                             :
-------------------------------------------------------------x

## **VERDICT FORM**

Court Exhibit 9

**Please indicate your verdict with a check mark (✓). Remember, all jurors must agree unanimously to the verdict.**

**COUNT ONE**: **Possession of a Firearm After a Felony Conviction**

How do you find Mr. Grayson with respect to Count One?

NOT GUILTY _____       GUILTY ___✗___

After completing the Verdict Form, the foreperson must sign the verdict form in the space provided below and fill in the date. Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict. Do not provide the Marshal with the verdict sheet. Your foreperson will bring it into the Courtroom when you return.

Foreperson: ███████████

Dated: _____9/23/2024_____

1